Tayiok, Chief-Justice,
 

 delivered the opinion of the Court:
 

 No particular form of words is necessary to make an indorsement j but the name of the indorser must appear upon the bill, and it must be signed by him, or by some person authorized by him for that purpose. Indorse-ments, however, are of two kinds, general and restrictive, the latter precluding the person to whom it is made, from transferring the instrument over to another, so as to give him a right of action, either against the person imposing the restriction, or against any of the preceding parties. Such an indorsement may give a bare authori
 
 *139
 
 ty to the indorsee to receive the money for the
 
 indorser;
 
 as if it say,
 
 “
 
 pay the money to such a one for my use,” or use any expressions which necessarily imply that he does not mean to transfer his interest in the bill or note, but merely to give a power to receive the money. This is the case before us. It is evident,’ from the indorsement, that William Drew paid no valuable consideration for the note, and therefore could not sue the indorsers, nor indorse it to any other person who could sue either them or the preceding parties. The indorsement is restrained to him merely, and is to the same amount as if it had been,
 
 “
 
 pay the within to my use,” or
 
 “
 
 I indorse the within to William Drew, to collect for me.” These in-dorsements confine the bill in the hands of the indorsee to the very purpose for which they were made, the in-dorser not meaning, either to make himself liable, or to enable the indorsee to raise money on the bill. The action in this case can well be maintained in the name of "William Drew.